**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert Wollner,<br>Plaintiff,<br>v.<br>Roman Shaposhnikov, et al.,<br>Defendants. | No. CV-26-05605-PHX-SMB<br>**ORDER** |

Pending before the Court is Plaintiff's Complaint (Doc. 1) and Application for Leave to Proceed in Forma Pauperis. (Doc. 2.) After screening Plaintiff's Complaint (Doc. 1), pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismisses the Complaint for the reasons explained below.

## I. LEGAL STANDARD

When a plaintiff seeks to proceed in forma pauperis the Court must review the complaint to determine whether the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Although Rule 8 does not demand detailed factual allegations, "it demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than a "naked assertion" without "further factual enhancement." *Id.* at 557.

## II. DISCUSSION

Plaintiff's Complaint alleges that Proton AG - Proton Mail.com ("Proton AG") improperly billed him $4.99 four times, once per month in May, June, July, and August 2026. (Doc.1 at 5.) Plaintiff also broadly alleges various violations of federal registration requirements for foreign-owned businesses. (Doc. 1 at 10.) Plaintiff points to the Securities and Exchange Commission's ("SEC") requirements for registration of foreign businesses, unidentified "filing requirements" by the Committee on Foreign investment in the United States ("CFIUS"), unidentified legislation that "restricts foreign businesses doing business in the United States," and unidentified "E-commerce laws" that allegedly require websites to "give people an easy way to unsubscribe" and maintain a customer service department. (Doc. 1 at 9-12.)

First, Plaintiff names Roman Shaposhnikov, the chief executive officer of Proton AG as a defendant, but does not raise any specific allegations against him. (Doc. 1 at 1.) The relevant allegations are against the company, Proton AG, which is not a named defendant in Plaintiff's complaint. Defendant Shaposhnikov will thus be dismissed as a defendant.

Next, against the Embassy of Switzerland, Plaintiff alleges that the embassy serves

"as a go-between for Swiss companies and the United States markets and are making commissions from sales from dishonest Swiss companies." (Doc. 1 at 4.) Against Guy Parmelin, the President of Switzerland, Plaintiff alleges the "Swiss Confederation . . . ignore[ed], neglect[ed] and disregard[ed] the illegal, lawless, criminal wrongful practices" of Proton AG. (Doc. 1 at 4.)

In general, foreign states and their instrumentalities have immunity from jurisdiction in the courts of the United States. 28 U.S.C. § 1602. Plaintiff has not alleged any facts that would except his claims from that general rule. The Court finds that it does not have jurisdiction over Plaintiff's claims against the Swiss President, Embassy, or Ambassador. *See Donovan v. Vance*, 70 F.4th 1167, 1172 (9th Cir. 2023) (sovereign immunity is a "threshold jurisdictional issue"). Even assuming the Court has jurisdiction over Plaintiff's claims, there are no specific allegations against the Swiss officials that state any cognizable claim for relief. Plaintiff does not attempt to name any claim and only includes the conclusory allegations that the Swiss government ignored "criminal wrongful practices" and that they serve "as a go-between for Swiss companies." The court finds that Plaintiff has not stated a claim upon which relief can be granted against the President, the Embassy, or the Ambassador of Switzerland and will dismiss claims against them.

The Court also finds that Plaintiff's Complaint is frivolous. A complaint is "factual[ly] frivolous[ ]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25–26 (1992). Plaintiff requests $950,000 in compensatory damages and $300,000 in punitive damages. (Doc. 1 at 14.) But the only allegations that establish any damages to Plaintiff are the four allegedly fraudulent $4.99 charges from Proton AG. Plaintiff also alleges a scheme between the Swiss government and Swiss companies to defraud American consumers. (Doc. 1 at 4.) Plaintiff does not assert any specific facts, other than its conclusory allegations, that the Swiss government or its officials knew of Proton AG's allegedly fraudulent business practices. Nor does Plaintiff allege any facts that support the existence of such a scheme.

A complaint is also frivolous "where it lacks an arguable basis . . . in law." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's claims arising under unidentified SEC and CFIUS regulations and "E-commerce" laws have no basis in law. (Doc. 1 at 9-12.) Plaintiff has not alleged any basis to bring a claim under any regulations or "E-commerce" laws, and the Court cannot identify any such basis from Plaintiff's conclusory allegations. Plaintiff's SEC, CFIUS, and "E-commerce" claims will be dismissed.

Finally, the Court is left only to consider Plaintiff's allegations that Proton AG improperly billed him $4.99 four times. (Doc. 1 at 4.) Read generously, this may be a consumer fraud claim. But Plaintiff does not identify any federal statute or regulation that Proton AG violated, and what relief, if any, he is entitled to recover due to that violation. Most importantly, Plaintiff did not even name Proton AG as a defendant. (Doc. 1 at 1.) Plaintiff thus failed to state a claim for consumer fraud. Plaintiff must name Proton AG as a defendant, and allege, with particularity, what law or regulation Proton AG violated, and a valid basis for relief based on that violation.

For the above reasons, the Court finds that Plaintiff's Complaint is frivolous, does not state a claim on which relief may be granted, and seeks monetary relief against defendants who are immune from such relief.

## III. LEAVE TO AMEND

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation modified). The Court grants Plaintiff leave to amend as to claims against only Defendants Proton AG and the Proton Foundation. Plaintiff may only amend as to claims against the Swiss government and its officials if he alleges that a specific exception to sovereign immunity applies. Plaintiff's amended complaint must address the deficiencies identified above and should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure. Within thirty (30) days from the date of entry of this Order, Plaintiff may submit a First Amended Complaint. Plaintiff must clearly designate on the face of the

document that it is the "First Amended Complaint." The First Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

The Court draws attention to the District of Arizona's Federal Court Advice Only Clinic, Federal Court Advice Only Clinic - Phoenix | District of Arizona | United States District Court (uscourts.gov). The Court also notes the E-Pro Se program which assists litigants with creating a Complaint form, Welcome - eProSe (uscourts.gov). Lastly, the Court advises Plaintiff that certain resources for self-represented parties, including a handbook and the Local Rules, are available on the Court's website, www.azd.uscourts.gov, by following the link "Self-Represented Litigants.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed with leave to file a First Amended Complaint within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended Complaint within thirty (30) days of the date of this Order, the Clerk of Court shall dismiss this action without further order of this Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a First Amended Complaint, it may not be served unless and until the Court issues an Order screening the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 21st day of September, 2026.



Honorable Susan M. Brnovich
United States District Judge